■ In the Matter of MARYANN KELLY, Petitioner, v H. CARL McCALL, as State Comptroller of the New York State and Local Employees' Retirement System, et al., Respondents. [688 NYS2d 812] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction sergeant, filed an application for accidental disability retirement benefits alleging that she is permanently disabled because of, *inter alia*, neck and shoulder injuries she sustained as the result of two work-related accidents. Petitioner's application was ultimately disapproved by respondent Comptroller following a hearing. The disapproval was based upon a finding that petitioner failed to sustain her burden of establishing that she was permanently incapacitated from the performance of her duties. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Given the facts and the record before us, we conclude that there is substantial evidence to support the Comptroller's conclusion that petitioner failed to sustain her burden of proving that she was permanently incapacitated from the performance of her duties. Notably, Paul Miller, an orthopedic surgeon who examined petitioner twice and testified as an expert on behalf of respondent State and Local Employees' Retirement System, opined that, on his initial examination, he found petitioner to have no spasm, no atrophy, normal reflexes and complete range of motion with only subjective complaints of pain. Although Miller noted a mild protruding disc on the MRI scan of petitioner's cervical spine, he testified that there was no spinal cord or nerve root involvement and he did not perceive the scan to be abnormal or the findings to be significant. Upon Miller's second examination, he, *inter alia*, reviewed an MRI of petitioner's right shoulder which showed only fluid or inflammation of the area without evidence of either a rotator cuff tear or labrum tear. Following both examinations, it remained Miller's opinion that petitioner could perform her duties as a correction sergeant.

Although petitioner challenges the credibility of the medical evidence presented against her and the failure to credit the testimony of two experts presented on her behalf, it was clearly within the province of the Comptroller to resolve all conflicts in medical opinion (*see, Matter of Nugent v New York State & Local Employees' Retirement Sys.*, 255 AD2d 682). Under the circumstances, we find no reason to disturb the administrative determination in this regard.

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.